IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d) | MAGISTRATE NO. 16-330 <br><br> **UNDER SEAL** |

### APPLICATION OF THE UNITED STATES
### FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)

The United States of America, moving by and through its undersigned counsel, respectfully submits under seal this *ex parte* application for an Order pursuant to 18 U.S.C. § 2703(d). The proposed Order would require AT&T Mobility, a cellular service provider located in Atlanta, GA, and any other applicable cellular telephone service provider, to disclose certain records and other information pertaining to the use of a cellular telephone assigned the telephone number 724-557-3067 (the "Subject Telephone"), for the period from **December 1, 2015, to the present**. The records sought by this application contain historical cell site location and sector/face information which is referred to herein as "historical cell site location information" or as "H-CSLI". The records do not contain the content of any communications. Rather, the records contain all call and text message detail data regarding which cellular towers (i.e., antenna towers covering specific geographic areas) and sectors (i.e., faces of the towers) received a signal from,

1

or sent a signal to, the Subject Telephone during the stated time period.

In support of this application, the United States asserts:

## LEGAL BASIS

1. AT&T Mobility is a provider of an electronic communications service, as defined in 18 U.S.C. § 2510(15). Accordingly, the United States may use a court order issued under § 2703(d) to require AT&T Mobility to disclose the items applied for herein. See 18 U.S.C. § 2703(c)(1).

2. This Court has jurisdiction to issue the proposed Order because it is "a court of competent jurisdiction," as defined in 18 U.S.C. § 2711. See 18 U.S.C. § 2703(d). Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated. See 18 U.S.C. § 2711(3)(A)(i).

3. A court order under § 2703(d) "shall issue only if the governmental entity offers specific and articulable facts showing that there are reasonable grounds to believe that the contents of a wire or electronic communication, or the records or other information sought, are relevant and material to an ongoing criminal investigation." 18 U.S.C. § 2703(d). Accordingly, the next section of this application sets forth specific and articulable facts showing that there are reasonable grounds to believe that the records and other information

applied for herein are relevant and material to an ongoing criminal investigation.

## FACTUAL BASIS

4. The following information was provided to the undersigned applicant by the Federal Bureau of Investigation as a result of an investigation into bank robberies which occurred at two Southwest Pennsylvania banks: the first at the Frick Tri County Federal Credit Union in Uniontown, PA, on December 11, 2015 ("the Uniontown robbery"), and the second at the PNC Bank in Carmichaels, PA, on March 16, 2016 ("the Carmichaels robbery"). This investigation also includes an attempted bank robbery at the PNC Bank in Charleroi, PA, on March 18, 2016 ("the Charleroi attempted robbery"). All three banks are located in the Western District of Pennsylvania. The investigation concerns possible violations of, inter alia, 18 U.S.C. §§ 2113.

5. I am aware as a result of information provided by law enforcement that those engaged in unlawful activity often rely heavily on their cellular telephones and related communications. These communications, in the form of telephone calls, voice messages, sms text messages, and other similar communications, cause their cellular telephones to emit and receive electronic signals to and from cellular telephone company cell towers. The cellular telephone company records of the interaction between these signals and the cell towers used to receive and send them can indicate the general geographic

3

location of the individual using a particular cellular telephone at a particular moment in time.

6. Law enforcement has probable cause to believe that both robberies and the attempted robbery were committed by the user of the Subject Telephone, and therefore the records requested in this application are relevant and material to the investigation of the two robberies and the attempted robbery, because the records would provide information about the location of the Subject Telephone at the time of the robberies.

7. A source of information has informed an agent of the Federal Bureau of Investigation that the user of the Subject Telephone is Aaron Huey, and that he was the user of the Subject Telephone around the time of the robberies.

a. With respect to the Uniontown robbery, the getaway vehicle was reported to be a silver or gray S550 Series Mercedes Benz, which, according to that source of information, is the same type of vehicle driven by Huey at the time of that robbery.

b. With respect to the Carmichaels robbery, the getaway vehicle was reported to be a white Chevrolet Malibu, which, according to another source of information, is the same type of vehicle driven by Huey at the time of that robbery.

c. With respect to the Charleroi attempted robbery, a witness identified the getaway vehicle as a white Chevrolet sedan with Pennsylvania Plate HWG-4108, which is a 2010

Chevrolet Malibu registered to Marcel Tansmore, Huey's girlfriend.

8. The records requested herein are also relevant and material because call detail records for the Subject Telephone, obtained by subpoena, could show that the Subject Telephone made and received calls around the time of both robberies and the attempted robbery. The Uniontown robbery occurred at approximately /2:25 PM on December 11, 2015. The Carmichaels robbery occurred at approximately 12:27 PM on March 16, 2016. The Charleroi attempted robbery occurred at approximately 4:37 PM on March 18, 2016.

<u>REQUEST FOR ORDER</u>

9. The specific facts articulated in the previous section show that there are reasonable grounds to believe that the records showing historical cell site location information for the Subject Telephone are relevant and material to an ongoing criminal investigation. Specifically, these records will help the United States to identify and locate the individual(s) who are responsible for the events described above, and to determine the nature and scope of their activities. Accordingly, the United States requests that Verizon Wireless be directed to disclose the H-CSLI records referenced above.

10. The United States further requests that the Order require AT&T Mobility not to notify any person, including the

5

subscribers or customers associated with the Subject Telephone, of the existence of the Order until further order of the Court. See 18 U.S.C. § 2705(b). This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic communications service or remote computing service to whom a warrant, subpoena, or court order is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the warrant, subpoena, or court order." Id. In this case, such an order would be appropriate because the requested Order relates to an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation, and its disclosure may alert the targets to the ongoing investigation. Accordingly, there is reason to believe that notification of the existence of the requested Order will seriously jeopardize the investigation, including by giving targets an opportunity to flee or continue flight from prosecution, destroy or tamper with evidence, change patterns of behavior, or notify confederates. See 18 U.S.C. § 2705(b)(2), (3), (5). Some of the evidence in this investigation is stored electronically. If alerted to the investigation, the subjects under investigation could destroy that evidence, including information saved to their personal computers.

       11. The United States further requests that the Court order that this application and any resulting order be sealed

until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

Respectfully submitted,

DAVID J. HICKTON
UNITED STATES ATTORNEY

*Conor Lamb*

CONOR LAMB
Assistant U.S. Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219
(412) 644-3500 (Phone)
conor.lamb@usdoj.gov
PA ID No. 304874